1  DAVIS WRIGHT TREMAINE LLP
   MARTIN L. FINEMAN (State Bar No. 104413)
2     martinfineman@dwt.com
   ANNA R. BUONO (State Bar No. 232753)
3     annabuono@dwt.com
   865 South Figueroa Street, Suite 2400
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  NIRO HALLER & NIRO, LTD.
   RAYMOND P. NIRO (*pro hac vice application forthcoming*)
7     rniro@nshn.com
   CHRISTOPHER J. LEE (*pro hac vice application forthcoming*)
8     clee@nshn.com
   DAVID J. SHEIHK (*pro hac vice application forthcoming*)
9     sheikh@nhsn.com
   FREDERICK C. LANEY (*pro hac vice application forthcoming*)
10    laney@nshn.com
   LAURA A. KENNELLY (*pro hac vice application forthcoming*)
11    lkennelly@nshn.com
   BRIAN E. HAAN (*pro hac vice application forthcoming*)
12    bhaan@nshn.com
   181 West Madison Street, Suite 4600
13 Chicago, Illinois 60602
   Telephone: (312) 236 - 0733
14 Fax: (312) 236 - 3137

15 Attorneys for Plaintiff
   UNIVERSAL ELECTRONICS, INC.

FILED
2012 MAR -2 PM 1:58
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL REMOTE CONTROL, INC., <br><br> Defendant. | Case No. SACV12-00329 AG (JPRx) <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Universal Electronics Inc. complains of Defendant Universal Remote Control, Inc. as follows:

## NATURE OF CASE

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2. Plaintiff Universal Electronics Inc. ("UEI") is a Delaware Corporation that has a principal place of business at 6101 Gateway Drive Cypress, California, 90630. UEI develops and manufactures a broad line of products, software and technologies that are marketed to enhance home entertainment systems. Its offerings include universal remote controls, audio-video accessories and integrated circuits, as well as software, firmware and technology solutions that can enable devices to wirelessly connect and interact with home networks and interactive services to deliver digital entertainment and information. UEI's development efforts have resulted in a large portfolio of patents, including fundamental patents in the area of remote controls.

3. UEI owns and has standing to sue for infringement of United States Patent No. 5,414,426 (the "'426 Patent"), entitled "Favorite Key Macro Command And Chained Macro Command In A Remote Control," which issued on May 9, 1995.

4. UEI also owns and has standing to sue for infringement of United States Patent No. 5,568,367 (the "'367 Patent"), entitled "Remote Control With Key Lighting," which issued on October 22, 1996.

5. UEI also owns and has standing to sue for infringement of United States Patent No. 5,614,906 (the "'906 Patent"), entitled "Method For Selecting A Remote Control Command Set," which issued on March 25, 1997.

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6. UEI also owns and has standing to sue for infringement of United States Patent No. 6,587,067 B2 (the "'067 Patent"), entitled "Universal Remote Control With Macro Command Capabilities," which issued on July 1, 2003.

7. Defendant Universal Remote Control, Inc. ("URC") is a New York corporation with its principal place of business at 500 Mamaroneck Avenue, Suite 502, Harrison, New York, 10528.

## JURISDICTION AND VENUE

8. URC sells and distributes remote control devices and home automation products. The remote control products relevant to this action include programmable remote controls. Upon information and belief, URC imports these products into the United States from a Korean manufacturer, Ohsung Electronics Co., Ltd., and sells them to residential and commercial customers such as subscription broadcast providers, custom installers and OEM customers, which, in turn, resell these products to users throughout the United States, including those in this judicial district. URC also sells these products to retail distributors throughout the United States, including retail distributors in this District such as: Magnolia Home Theater / Best Buy in Cerritos, California; Pacific Sales Kitchen, Bath and Electronics in Cerritos and Huntington Beach, California; Audio Concepts in Long Beach, California; Digital Installers in Long Beach, California; and Fry's Electronics in Anaheim, Fountain Valley and City of Industry, California.

9. Through at least the foregoing activities, URC is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being brought into court in California.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

2
COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CLAIMS FOR PATENT INFRINGEMENT
## FIRST CLAIM FOR INFRINGEMENT
### (INFRINGEMENT OF U.S. PATENT NO. 5,414,426)

11. URC has known about the '426 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice.

12. URC has imported into the United States, and has offered to sell and sold in the United States, remote controls that infringe the '426 patent, including, without limitation, those with URC model numbers UR5U-9000L and WR7 and other remote controls with different model names or numbers, but with substantially the same designs, features and functionalities as the UR5U-9000L and/or WR7 (the "'426 Patent Accused URC Remotes").

13. The '426 Patent Accused URC Remotes each have a microprocessor.

14. The '426 Patent Accused URC Remotes each have infrared lamp circuitry.

15. The '426 Patent Accused URC Remotes each have at least one macro key.

16. The '426 Patent Accused URC Remotes each have a program stored in memory for entering and defining a macro.

17. URC has infringed and continues to infringe at least claims 1, 2, 3, 4, 10 and 13 of the '426 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering to sell and selling the '426 Patent Accused URC Remotes in the United States.

18. URC has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 3, 4, 5, 10 and 13 of the '426 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC has known about the '426 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice. URC has knowingly and actively induced infringement of at least claims 1, 2, 3, 4, 5, 10 and 13, for example, through the

3
COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

foregoing activities including, without limitation, importing, offering to sell and selling the '426 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '426 Patent Accused URC Remotes in a manner that infringes at least claims 1, 2, 3, 4, 5, 10 and 13 of the '426 Patent. The direct infringers that are being induced by URC include, without limitation, its customers, resellers and users that offer for sale, sell and use the '426 Patent Accused URC Remotes.

19. URC has also indirectly infringed and continues to indirectly infringe at least claims 1, 2, 3, 4, 5, 10 and 13 of the '426 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '426 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the '426 Patent Accused URC Remotes, which constitute a material part of the patented inventions of claims 1, 2, 3, 4, 5, 10 and 13 of the '426 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims 1, 2, 3, 4, 5, 10 and 13 of the '426 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, resellers and users that offer for sale, sell and use the '426 Patent Accused URC Remotes.

20. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '426 Patent.

21. URC was placed on notice of the '426 Patent and URC's infringement on March 1, 2010, yet has continued its unlicensed and unauthorized infringement with no regard to the '426 Patent or UEI's rights. This infringement continues today despite an objectively high likelihood that URC's actions constitute infringement of the '426 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to URC. To date, URC has not

4

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. URC's infringement of the '426 Patent has been willful, deliberate and objectively reckless.

22. URC's direct infringement, inducement to infringe and contributory infringement of the '426 Patent by importing and selling the '426 Patent Accused URC Remotes has injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

23. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '426 Patent.

## SECOND CLAIM FOR INFRINGEMENT
## (INFRINGEMENT OF U.S. PATENT NO. 5,568,367)

24. URC has known about the '367 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice.

25. URC has imported into the United States, and has offered to sell and sold in the United States, remote controls that infringe the '367 patent, including, without limitation, those with URC model numbers UR5U-9000L and WR7, and other remote controls with different model names or numbers but with substantially the same designs, features and functionalities as the UR5U-9000L and WR7 (the "'367 Patent Accused URC Remotes").

26. The '367 Patent Accused URC Remotes each have a LIGHT button used to backlight the translucent push-buttons.

27. The '367 Patent Accused URC Remotes each have one or more LEDs for lighting translucent push-buttons.

28. URC has infringed and continues to infringe at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 patent within the meaning of 35 U.S.C. § 271(a) through

5

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the foregoing activities, including importing, offering to sell and selling the '367 Patent Accused URC Remotes.

29. URC has indirectly infringed and continues to indirectly infringe at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC has known about the '367 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice. URC has knowingly and actively induced infringement of at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '367 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '367 Patent Accused URC Remotes in a manner that infringes at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 Patent. The direct infringers that are being induced by URC include, without limitation, its customers, resellers and users that offer for sale, sell and use the '367 Patent Accused URC Remotes.

30. URC has also indirectly infringed and continues to indirectly infringe at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '367 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the '367 Patent Accused URC Remotes, which constitute a material part of the patented inventions of claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the '367 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers,

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

resellers and users that offer for sale, sell and use the '367 Patent Accused URC Remotes.

31. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '367 Patent.

32. URC was placed on notice of the '367 Patent and its infringement on March 1, 2010, yet has continued its unlicensed and unauthorized infringement with no regard to the '367 Patent or UEI's rights. This infringement continues today despite an objectively high likelihood that URC's actions constitute infringement of the '367 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to URC. To date, URC has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. URC's infringement of the '367 Patent has been willful, deliberate and objectively reckless.

33. URC's direct infringement, inducement to infringe and contributory infringement of the '367 Patent by importing, offering to sell and selling the '367 Patent Accused URC Remotes has injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

34. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '367 Patent.

### THIRD CLAIM FOR INFRINGEMENT
### (INFRINGEMENT OF U.S. PATENT NO. 5,614,906)

35. URC has known about the '906 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice.

36. URC has imported into the United States, and has offered to sell and sold in the United States, remote controls that infringe the '906 patent, including,

7

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

without limitation, those with URC model numbers UR5U-9000L and WR7 and other remote controls with different model names or numbers but with substantially the same designs, features and functionalities as the UR5U-9000L and WR7 (the "'906 Patent Accused URC Remotes").

37. The '906 Patent Accused URC Remotes are designed to employ a quick set-up method to control a remote controlled device.

38. The '906 Patent Accused URC Remotes' quick set-up methods include pressing numeric keys until the remote controlled device turns off.

39. URC has infringed and continues to infringe at least claim 16 of the '906 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including importing, offering to sell and selling the '906 Patent Accused URC Remotes.

40. URC has indirectly infringed and continues to indirectly infringe at least claims 1, 10, 12 and 16 of the '906 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC has known about the '906 Patent and its infringement since at least March 1, 2010 when UEI wrote to URC and provided such notice. URC has knowingly and actively induced infringement of at least claims 1, 10, 12 and 16, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '906 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '906 Patent Accused URC Remotes in a manner that infringes at least claims 1, 10, 12 and 16 of the '906 Patent. The direct infringers that are being induced by URC include, without limitation, its customers, resellers and users that offer for sale, sell and use the '906 Patent Accused URC Remotes.

41. URC has also indirectly infringed and continues to indirectly infringe at least claims 1, 10, 12 and 16 of the '906 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '906 Patent Accused URC Remotes and by instructing, aiding, assisting,

8

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of the '906 Patent Accused URC Remotes, which constitute a material part of the patented inventions of claims 1, 10, 12 and 16 of the '906 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims 1, 10, 12 and 16 of the '906 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, resellers and users that offer for sale, sell and use the '906 Patent Accused URC Remotes.

42. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '906 Patent.

43. URC was placed on notice of the '906 Patent and URC's infringement on March 1, 2010, yet has continued its unlicensed and unauthorized infringement with no regard to the '906 Patent or UEI's rights. This infringement continues today despite an objectively high likelihood that URC's actions constitute infringement of the '906 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to URC. To date, URC has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. URC's infringement of the '906 Patent has been willful, deliberate and objectively reckless.

44. URC's direct infringement, inducement to infringe and contributory infringement of the '906 Patent by importing and selling the '906 Patent Accused URC Remotes has injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

45. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and,

9

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '906 Patent.

### FOURTH CLAIM FOR INFRINGEMENT
### (INFRINGEMENT OF U.S. PATENT NO. 6,587,067 B2)

46. URC has known about the '067 Patent since at least December 16, 2004 when UEI and URC entered into a settlement and license agreement in resolution of a prior patent infringement lawsuit over other UEI patents. The agreement specifically put URC on notice of the '067 Patent, but did not release URC from any claims relating to the '067 Patent.

47. URC has further known about the '067 Patent and its infringement since at least May 27, 2011 when UEI wrote to URC and provided such notice.

48. URC imported into the United States, offered to sell and sold in the United States, remote controls that infringed the '067 patent, including, without limitation, those with URC model numbers UR5U-9000L and WR7 and other remote controls with different model names or numbers but with substantially the same designs, features and functionalities as the UR5U-9000L and WR7 (the "'067 Patent Accused URC Remotes").

49. The '067 Patent Accused URC Remotes are universal remote controls.

50. The '067 Patent Accused URC Remotes are designed to work with numerous different home appliances of different manufacturers.

51. The '067 Patent Accused URC Remotes are designed to use codes, such as in URC's "3-Digit Code" method, to transmit operating commands to home appliances.

52. The '067 Patent Accused URC Remotes include a macro button.

53. URC infringed at least claims 1, 2 and 3 of the '067 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including importing, offering to sell and selling the '067 Patent Accused URC Remotes.

10

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

54. URC indirectly infringed at least claims 1, 2, 3 and 6 of the '067 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC has known about the '067 Patent and its infringement since at least December 16, 2004. URC knowingly and actively induced infringement of at least claims 1, 2, 3 and 6, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '067 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '067 Patent Accused URC Remotes in a manner that infringed at least claims 1, 2, 3 and 6 of the '067 Patent. The direct infringers that were induced by URC include, without limitation, its customers, resellers and users that offered for sale, sold and used the '067 Patent Accused URC Remotes.

55. URC also indirectly infringed at least claims 1, 2, 3 and 6 of the '067 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '067 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the '067 Patent Accused URC Remotes, which constituted a material part of the patented inventions of claims 1, 2, 3 and 6 of the '067 Patent, which URC knew were especially made or adapted for use in an infringement of at least claims 1, 2, 3 and 6 of the '067 Patent, and which were not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) included, without limitation, its customers, resellers and users that offered for sale, sold and used the '067 Patent Accused URC Remotes.

56. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '067 Patent.

57. URC was placed on notice of the '067 Patent and its infringement on at least December 16, 2004, yet continued its unlicensed and unauthorized infringement

11
COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

with no regard to the '067 Patent or UEI's rights. This infringement continued despite an objectively high likelihood that URC's actions constituted infringement of the '067 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to URC. To date, URC has not presented any competent advice of counsel upon which it relied; nor has it presented any reasonable defense of noninfringement, invalidity or unenforceability. URC's infringement of the '067 Patent was willful, deliberate and objectively reckless.

58. URC's direct infringement, inducement to infringe and contributory infringement of the '067 Patent by importing, offering to sell and selling the '067 Patent Accused URC Remotes has injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UEI respectfully asks this Court to enter judgment against Defendant URC and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with each of them, granting the following relief:

    a. The entry of judgment in favor of UEI and against URC;

    b. An award of damages as to URC adequate to compensate UEI for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

    c. A finding that this case is exceptional and an award to UEI of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

    d. A permanent injunction prohibiting further infringement, inducement to infringe and contributory infringement of the '426, '367 and '906 Patents; and

    e. Such other relief that UEI is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## JURY DEMAND

UEI demands a trial by jury on all issues so triable.

DATED: March 2, 2012

DAVIS WRIGHT TREMAINE LLP
MARTIN L. FINEMAN
ANNA R. BUONO

NIRO HALLER & NIRO, LTD.
RAYMOND P. NIRO
CHRISTOPHER J. LEE
DAVID J. SHEIKH
FREDERICK C. LANEY
LAURA A. KENNELLY
BRIAN E. HAAN

By: /s/ Anna R. Buono
Anna R. Buono

Attorneys for Plaintiff
UNIVERSAL ELECTRONICS, INC.

13
COMPLAINT FOR PATENT INFRINGEMENT
DWT 19143998v1 0050033-000149

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Universal Electronics, Inc.

**DEFENDANTS**
Universal Remote Control, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ANNA R. BUONO (CA Bar No. 232753), DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017
(213) 633-6800

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 271

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV12-00329 AG (JPRx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Anne R. Bualy_____ Date March 2, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### SACV12- 329 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ANNA R. BUONO (CA Bar No. 232753)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: 213.633.6800
Fax: 213.633.6899

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Universal Electronics, Inc. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV12-00329 AG (JPRx) |
| v. | |
| Universal Remote Control, Inc. | SUMMONS |
| DEFENDANT(S). | |

**FOR OFFICE USE ONLY**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Anna R. Buono_____, whose address is _Davis Wright Tremaine LLP, 865 S. Figueroa St., Suite 2400, Los Angeles, CA 90017_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __MAR 2 - 2012__          Clerk, U.S. District Court

                                 By: __AMY BERVIG__
                                        Deputy Clerk

                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

CV-01A (10/11)                    SUMMONS