1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., | Case No. SACV12-329AG (JPRx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | Honorable Judge Andrew Guilford<br>Magistrate Judge Jean P. Rosenbluth |
| UNIVERSAL REMOTE CONTROL, INC., | |
| Defendant. | |

The Court recognizes that at least some of the documents, electronic data, and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Protected Information to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Ru1e of Civil Procedure 26(c)(1)(G). The purpose of this

Order is to preserve the confidentiality of such Protected Information as much as practically possible during the litigation. THEREFORE:

**<u>DEFINITIONS</u>**

1.      The term "Confidential Information" will mean and include information disclosed or to be disclosed during this litigation including, without limitation, information provided in documents, portions of documents, answers to interrogatories, responses to discovery requests, deposition exhibits, deposition testimony, and transcripts depositions; including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" as set out in paragraphs 7 and 8, below.  The provisions of this Protective Order do not apply to trial or other proceedings (e.g. trial exhibits, trial testimony, transcripts of trial testimony). This Court will not bind any future presiding judicial officer to certain procedures. Rather, the parties shall take up with that judicial officer at the appropriate time how confidential material will be handled in court filings or during court proceedings.

2.      The term "Protected Information" will include, but is not limited to: documents; correspondence; e-mails; memoranda; bulletins; blueprints; specifications; software; firmware; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; sales and cost information; financial statements; business plans; license agreements; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes; and other physical objects. Protected Information may be designated as Confidential Information in accordance with the terms of this Order.

     3.    The term "Counsel" will mean outside Counsel of Record, as defined below, and shall also include other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified below:

DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017

NIRO HALLER & NIRO, LTD.
181 West Madison Street, Suite 4600
Chicago, Illinois 60602

CHRISTIE PARKER & HALE LLP
655 N. Central Avenue, Suite 2300
Post Office Box 29001
Glendale, CA 91209-9001

OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, NY  10036

4.      The term "Counsel of Record" will mean and include (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other circumstance associated with the action, as counsel for a party, (ii) partners, principals, counsel, associates, employees, and contract attorneys (contract attorneys must execute an undertaking in the form attached as Exhibit A) of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action and (iv) litigation support service vendors retained to assist counsel in the preparation and trial of this action (who will execute an undertaking in the form attached as Exhibit A).

5.      The term "Independent Expert" will mean a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a party.

6.      "Source Code" includes documents and human-readable programming language text that defines software or firmware and associated comments, revision histories, formulas, engineering specifications or schematics that define or otherwise describe in detail the algorithms or structure of software designs or

hardware designs of integrated circuit devices. Source Code associated with software may be referred to as "Software Source Code," and Source Code associated with hardware may be referred to as "Hardware Source Code".  Text files containing Source Code will hereinafter be referred to as "Source Code Files." Software Source Code Files include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages.  Software Source Code Files further include "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Hardware Source Code Files include, but are not limited to, files containing Source Code in Hardware Design Language ("HDL"), VHDL, Verilog, or other RTL language.

## **GENERAL RULES**

7.    Each party to this litigation that produces or discloses any Confidential Information and/or Protected Information, or any other information that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY."

(a)    Designation as "CONFIDENTIAL": Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such Protected Information could be

- 5 -

1    potentially prejudicial to the business or operations of such party.

2        (b)    Designation as "CONFIDENTIAL–OUTSIDE COUNSEL

3            ONLY": Any party may use the "CONFIDENTIAL–OUTSIDE

4            COUNSEL ONLY" designation only if, in the good faith belief

5            of  such party and its Counsel, such  Protected Information is

6            among that considered to be most sensitive by the party,

7            including but not limited to trade secret or other confidential

8            research, development,    financial, or other highly sensitive

9            Protected Information.

10      8.    Designation as "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–

11   SOURCE CODE": Any party may use the "CONFIDENTIAL–OUTSIDE

12   COUNSEL ONLY– SOURCE CODE" designation only if, in the good faith belief

13   of such party and its Counsel, such Protected Information contains Source Code or

14   Source Code Files produced by the party, that the party believes in good faith is

15   not generally known to others, and has significant competitive value such that

16   unrestricted disclosure to others would create a substantial risk of serious injury,

17   and that the party would not normally reveal to third parties except in confidence,

18   or has undertaken with others to maintain in confidence.

19      9.    In the event the producing party elects to produce Protected

20   Information for initial inspection, no marking need be made by the producing party

21   in advance of the initial inspection.  For purposes of the initial inspection, all

22   Protected Information produced will be considered as "CONFIDENTIAL–

23   OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms

- 6 -

24

25

of this Order.  Thereafter, upon selection of specified Protected Information for copying by the inspecting party, the producing party must, within a reasonable time prior to producing the Protected Information to the inspecting party, mark the copies of the Protected Information that contain Confidential Information with the appropriate "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" designation.

10.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a)     The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript     to be designated "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL OUTSIDE COUNSEL ONLY– SOURCE CODE."

(b)     The disclosing party will have the right to exclude from attendance at the deposition, only during such time as

- 7 -

"CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL OUTSIDE COUNSEL ONLY–SOURCE CODE" designated Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 14 below, provided that nothing herein prevents a deposing party from seeking to exclude a person from attendance at a deposition whose attendance at the deposition is deemed inappropriate or prejudicial to that deposition by the deposing party; and

(c)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," as appropriate, and absent agreement of the parties the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.  Any request to file a document under seal must comply with Local Rule 79-5.

11.     All Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" must not be disclosed by the

receiving party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

12.1    All Confidential Information designated "CONFIDENTIAL–OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" may be viewed only by Counsel of Record (as defined in paragraph 4) of the receiving party and by Independent Experts (as defined in paragraph 5).  The right of any Independent Expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent Expert must provide written notice to Counsel for the producing party, which notice will include: (a) the individual's name and business title; (b) business address and country of residence; (c) business or profession; (d) the individual's curriculum vitae; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years and the time period(s); and (h) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the Independent Expert.

12.2     Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within seven (7) days following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the seven (7) day period has passed and no objection has been made.  The approval of Independent Experts must not be unreasonably withheld.  If the parties are unable to resolve an objection, the objecting party challenging the disclosure of confidential information must comply with the meet-and-confer requirements of L.R. 37-1 before requesting an appropriate protective order from the Court in accordance with L.R. 37-2.  Failure to so move shall constitute a waiver of the objection.

12.3     Notwithstanding the provisions of paragraphs 11 and 12, and paragraphs referenced therein, the parties may, upon written agreement or stipulation between the parties or by leave of Court, designate a company representative to have access to certain information or materials designated as "CONFIDENTIAL–OUTSIDE COUNSEL ONLY" by the producing party solely for the purpose of facilitating settlement discussions.  A party intending to provide such access to its designee shall expressly identify in a letter the designee by his/her name and title and further identify the information to be disclosed and such materials or documents that constitute the source of the information by their production control numbers to the producing party.  If the parties, after good-faith discussions complying

- 10 -

1         with the meet-and-confer requirements of L.R. 37-1, are unable to

2         resolve any dispute, the party intending to provide such access shall

3         seek leave of the Court in accordance with L.R. 37-2.

4              13.    All Confidential Information designated "CONFIDENTIAL"

5 may be viewed only by Counsel (as defined in paragraph 3) of the receiving

6 party, by Independent Experts, and by the additional individuals listed

7 below, provided each such individual has read this Order in advance of

8 disclosure and has agreed in writing to be bound by its terms by executing a

9 copy of the form attached hereto as Exhibit A:

10                (a)    Two (2) executives who are required to participate in

11                policy decisions with reference to this action;

12                (b)    Two (2) technical personnel of the parties with whom

13                Counsel for the parties find it necessary to consult, in the

14                discretion of such Counsel, in preparation for trial of this

15                action; and

16                (c)    Stenographic and clerical employees associated with the

17                individuals identified above.

18 The right of such individuals to view Confidential Information is subject to (i) the

19 provision of an executed copy of the form attached as Exhibit A in advance of any

20 disclosure and (ii) the approval procedure set forth in paragraph 12.2.

21         14.    In addition to the individuals referenced in Paragraphs l2 and 13

22 above, all Confidential Information designated "CONFIDENTIAL–OUTSIDE

23 COUNSEL ONLY," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–

24

25

SOURCE CODE," or "CONFIDENTIAL" may also be viewable by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action and mock jurors, provided, however, that any such individual has read this Order in advance of disclosure, and has executed a copy of the form attached hereto as Exhibit A in advance of access.

15.    With respect to all Confidential Information designated "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

16.    All Confidential Information which has been designated as "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," by the producing or disclosing party, and any and all reproductions of that Protected Information, must be retained in the custody of the Counsel of Record for the receiving party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

17.    Before any Protected Information such as those produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," are filed with the Court for any purpose, the party seeking to file such Protected Information must seek permission of the Court to file the Protected Information under seal. Any request to file such Protected Information under seal must comply with L.R. 79-5.

18.    At any stage of these proceedings, any party may object to the "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" designation of any Confidential Information.  The party objecting to any such designation must notify, in writing, Counsel for the designating party of the objected to designation of such Confidential Information and the grounds for the objection.  If the dispute is not resolved consensually between the parties, the objecting party may move the Court for a ruling on the objection in accordance with L.R. 37-1 and L.R. 37-2. Failure to so move shall constitute a waiver of the objection.  The Confidential Information at issue must be treated according to the designation of the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

19.    All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for

- 13 -

purposes of this action. Counsel for each party and each person bound by this agreement receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, including without limitation an officer or employee of a party, the party responsible for the unauthorized or inadvertent disclosure must immediately retrieve all Confidential Information disclosed, bring all pertinent facts relating to the unauthorized disclosure to the attention of the other party and, without prejudice to any rights and remedies of the other party, including a claim of irreparable harm, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

21.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the "document or thing produced is to be designated, as appropriate, "CONFIDENTIAL," "CONFIDENTIAL– OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY– SOURCE CODE," and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat such designated Confidential Information in accordance with this Order, once the

- 14 -

1    designating party so notifies the receiving party.  If the receiving party has

2    disclosed such Confidential Information before receiving the designation, the

3    receiving party must notify the designating party in writing of each such

4    disclosure, and the receiving party will make every effort to prevent further

5    disclosure by the party and by the person(s) receiving such inadvertently produced

6    Confidential Information.  Counsel for the parties will agree on a mutually

7    acceptable manner of labeling or marking the inadvertently produced Confidential

8    Information as "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL

9    ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE".

10           22.     Production of "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–

11   SOURCE CODE" Confidential Information:

12                   (a)     Any Source Code produced in discovery shall be made

13                   available for inspection to those authorized under this Order, in

14                   a format allowing it to be reasonably reviewed and searched,

15                   during normal business hours or at other mutually agreeable

16                   times, at a mutually agreed upon location or, absent agreement

17                   on location, in a commercial escrow facility in this District. The

18                   Source Code shall be made available for such inspection on a

19                   secured computer in a secured room without Internet access or

20                   network access to other computers, and the receiving party shall

21                   not copy, remove, or otherwise transfer any portion of the

22                   Source Code onto any recordable media or recordable device.

23                   The producing party may visually monitor the activities of the

- 15 -

receiving party's representatives authorized to inspect Source Code under this Order during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(b)     The receiving party authorized under this Order may reasonably request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically as set forth in paragraph(a) in the first instance.  The producing party shall provide all such Source Code in paper form, including bates numbers and the label "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," and may include other, appropriate watermarks that do not interfere with the legibility of the print.  The producing party may challenge the amount of Source Code requested in paper form through appropriate meet and confer efforts between Counsel for the parties in accordance with L.R. 37-1 and only on motion in accordance with L.R. 37-2 based on a good faith belief that the amount of paper copies requested is excessive.

(c)     The party receiving Source Code as authorized under this Order shall maintain a record of any individual who has

inspected any portion of the Source Code in electronic or paper form. Such receiving party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. Such receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  Such receiving party shall only make

additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report); (2) necessary for deposition; or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

25.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.  Consistent with Federal Rule of Evidence 502, if a party notifies another party that it has disclosed documents (including physical objects) that are protected by the attorney-client privilege or work product doctrine and/or any other applicable privilege or immunity, or a party receiving documents for inspection or production discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of

- 17 -

the applicable privilege or protection either as to the specific material or information disclosed or as to any other material or information relating thereto on the same or related subject matter.  Upon request or discovery of such materials, the receiving party must immediately, but in no case later than seven (7) days from said request or discovery, return all paper copies and destroy all electronic copies of such disclosed document(s).  After returning all paper copies and destroying all electronic copies of such document(s) pursuant to this paragraph, the receiving party may challenge the propriety of the asserted privilege or immunity by submitting a written challenge to the Court.

26.    Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL– OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order, either directly or indirectly, by implication or otherwise.

27.    This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

28.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

29.     Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Protected Information, or devices outside of the United States.

30.     Final Disposition.

Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party authorized by this Order must return all Confidential Information to the producing party or destroy such Confidential Information.  Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any of the Confidential Information.  Notwithstanding this provision, unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth herein.  Even

- 19 -

after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs. "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

31.     The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

32.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

33.     Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

34.     This Order may be modified by written agreement of the parties, subject to approval by the Court.

- 20 -

35.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

36.     Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs.  The parties, Counsel, and any individual bound by this Order who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

37.     Third Parties.  A third party that produces documents or other materials in this matter, whether pursuant to a subpoena or voluntarily, may designate documents and materials as "CONFIDENTIAL," "CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY–SOURCE CODE" under the terms of this Order, and such designated documents and materials shall be subject to all of the provisions of this Order and afforded all of the protections set forth in this Order.

IT IS SO ORDERED this 12th day of August, 2013.

_____

Magistrate Judge Jean P. Rosenbluth

EXHIBIT A


IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., | Case No. SACV12-329AG (JPRx) |
| Plaintiff, | **AGREEMENT TO BE BOUND BY** |
| v. | **PROTECTIVE ORDER** |
| UNIVERSAL REMOTE CONTROL, INC., | |
| Defendant. | |

       I, _____, declare and say that:

       1.     I am employed as _____

by _____ .

       2.     I have received and read a copy of the Protective Order entered in Universal Electronics Inc. v. Universal Remote Control, Inc., Case No. SACV12-329AG (JPRx), and understand and agree to abide by its terms.

       3.     I agree to keep confidential all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

       4.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

5.     I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I,_____, declare and say that:


Dated: _____.


_____