UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER RE JURY SELECTION PROCEDURES AND MOTIONS IN LIMINE

With the trial approaching, the Court here provides its instructions concerning its jury selection procedure and its rulings on the parties' motions in limine.

**1.   JURY SELECTION PROCEDURE**

The Court will use the Arizona Blind Strike Method of jury selection, and will provide additional material on this later.

**2.   PLAINTIFF'S MOTIONS IN LIMINE**

Proper and improper reasons for motions in limine are set forth in *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093 (C.D. Cal. 2012).

**2.1   Plaintiff's MIL No. 1, To Exclude Opinions of Stephen Bristow (Dkt.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

No. 249)

Stephen Bristow is Defendant's technical witness. Plaintiff seeks to exclude Bristow's invalidity testimony about the '906 Patent because (1) it allegedly relies upon an erroneous claim interpretation, and (2) because Bristow did not provide sufficient reasons for his conclusion that the '906 Patent is invalid for failure to comply with 35 U.S.C. § 112. Plaintiff also seeks to exclude any testimony by Bristow that the '426 Patent is invalid for failure to name the correct inventor because he never disclosed any such opinions. The claim construction portion of the motion should have been brought earlier as a motion to strike the expert testimony as contrary to the agreement that no construction was necessary as to the term at issue. But because the motion implicates the Court's duty to construe the claims, the Court will decide it.

The claim limitation at issue is step (a) from claim 1 of the '906 Patent:

> assigning an effects observable command from each of said plurality of command sets to one of said plurality of assignable user actuated switches or keys, each assigned, effects observable command to be transmitted when the corresponding one of the assignable user actuated switches or keys is actuated

Plaintiff argues that despite the fact that neither party submitted this term for the Court's construction, Bristow opined that:

> The plain language of this claim limitation **requires that this phrase be interpreted to mean** "assigning an effects observable command from each of the plurality of command sets to one assignable user actuated switch or key of the plurality of assignable user actuated switches or keys." That is, several effects observable commands, one from each of the plurality of command sets, is assigned to one of the plurality of assignable user actuated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

switches or keys.

(Dkt. No. 249-1 at 3 (quoting Bristow Rep. 80, Kenneally Decl. 21) (emphasis in Mot.).) Plaintiff complains that Bristow then relies on that interpretation to opine that the '906 Patent is invalid under 35 U.S.C. § 112 because Bristow's interpretation requires multiple commands to be assigned to a single key, but the specification only describes assigning individual commands to individual buttons. (Dkt. 249-1 at 4). Plaintiff is correct that "an interpretation which excludes a disclosed embodiment from the scope of the claim is rarely, if ever, correct." (Dkt. No. 249-1 at 4 (quoting *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1333 (Fed. Cir. 2013).) And as Plaintiff notes, the '906 Patent's Abstract states that the keys are pressed one by one, and the specification highlights the advantage of "assigning a single command set to a single user actuated key." (Dkt. No. 249-1 at 5 (quoting '906 Patent Abstract, 2:54-55).) And the clause of claim 1 at issue also states that "**each** assigned, effects observable command [is] to be transmitted when **the corresponding one of** the assignable user activated switches or keys is activated."

The Court agrees that Bristow's circular logic—first interpreting the claim to differ from the specification and then arguing that the claim is invalid because it differs from the specification—is too clever by half. It is no answer to say that Bristow's interpretation is acceptable because he claims it is the ordinary and customary meaning to a person of ordinary skill in the art in question at the time of the invention. (Opp'n 3, Dkt. No. 292.) Absent a special meaning specified by the inventor, the ordinary and customary meaning to a PHOSITA is precisely what the Court attempts to define in claim construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005).

Defendant's interpretation, which requires multiple command sets to be assigned to a single key, conflicts with the claim language itself, which includes:

> (a) assigning an effects observable command from each of said plurality of command sets to one of said plurality of assignable user actuated switches

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

or keys, each assigned, effects observable command to be transmitted when the corresponding one of the assignable user actuated switches or keys is actuated;

(b) actuating sequentially and individually each one of the plurality of assignable user actuated switches or keys, to individually transmit each assigned effects observable command until the proper effect is observed;

Defendant's interpretation focuses myopically on the claim fragment "from **each** of said plurality of command sets to **one** of said plurality of" keys. If those words were considered in isolation, Defendant's argument would be plausible. But "the context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms." *ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (Fed. Cir. 2003). Even reading the rest of step (a) itself makes it clear that the assigned effects observable commands are each assigned to a "**corresponding** one of the assignable user actuated switche**s** or key**s** . . . . " (plural). That is, each command is assigned to one corresponding key—not all commands to a single "one" key.

And step (b) further makes clear that a separate command is sent when each of the keys is pressed. Defendant complains that this reading changes the claim language from "one" to "each one." (Opp'n 6, Dkt. No. 292.) But that is simply what the word means in context. By way of analogy, the Court will require each witness at trial to be examined by one lawyer per side, but that does not mean that the same lawyer from each side must examine every witness. Defendant's construction also conflicts with the specification, which "is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315.

Bristow's opinion relying on his interpretation is therefore improper. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (affirming exclusion of expert opinion evidence as irrelevant because it was based on an impermissible claim construction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

But Defendant argues that Bristow's expert report considered alternative interpretations of the assigning step, including Plaintiff's alternative construction. (Opp'n 1, Dkt. No. 292.) Bristow's report stated that his "analysis, however, will take into consideration alternative constructions such as assigning individual effects observable commands to individual assignable user actuated keys." (Bristow Rep.83, Dkt. No. 292-1.) Defendant argues that Bristow employed Plaintiff's construction in eight of his nine invalidity arguments, and from the materials presented, it appears that Bristow in fact did so at least four times. (Opp'n 7-10, Dkt. No. 292, Bristow Rep. 91-92, 119, 129, 145, Dkt. 292-1.)

As to inventorship, Defendant argues that Bristow did not offer an opinion on the legal conclusion of inventorship, but is properly "offering an opinion on how the belated addition of Mr. Darbee affected the priority date of the '426 patent and consequently his invalidity opinions." (Opp'n, Dkt. No. 292 at 1.) A review of the cited pages of the report shows that Bristow merely opined that "[w]hile I understand that the propriety of this petition [to correct inventorship] is in question, regardless of whether the petition was proper, the asserted claims of the '426 Patent are not entitled to such priority in view of the Patent Owner's admission in the specification that the subject matter of asserted claims 2-3 was not disclosed in the prior '810 patent." (Bristow Rep., Dkt. No. 292-1 at 30.) Thus, Bristow does not offer an opinion that Plaintiff's correction of inventorship was improper. He only explains that even if the correction was proper, it would not affect his opinions.

To the extent Bristow's testimony relies on his interpretation of the claim limitation, the motion is **GRANTED**. For clarity, the motion is specifically **GRANTED** as to Bristow's 35 U.S.C. § 112 invalidity opinion, which relies on the rejected construction. But the motion is **DENIED** to the extent Bristow otherwise relies on Plaintiff's claim construction. The motion is also **GRANTED** as to incorrect inventorship, because Bristow's report did not set forth an opinion on that subject, but Bristow may provide the opinions contained in his report on how correction of inventorship would not affect his conclusions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

**2.2 Plaintiff's MIL No. 2, To Exclude Any Evidence or Argument by Defendant Concerning Post-February 2013 Sales and Profit Information Based on Defendant's Refusal to Produce Such Information (Dkt. No. 250)**

Plaintiff argues that despite a July 25, 2013, Order from Judge Rosenbluth requiring Defendant to produce a summary chart of quarterly and annual sales, Defendant has refused to supplement its production to account for the period after February 2013. (Dkt. No. 250-1 at 1–4.) Plaintiff therefore seeks to preclude Defendant from offering evidence or argument regarding its accused sales after February 2013, or from contesting Plaintiff's calculations of the post-February 2013 sales and profits information. *See* Fed. R. Civ. P. 26(e) (requiring a party to supplement its discovery responses when ordered by the court); Fed. R. Civ. P. 37(c)(1) (precluding use of evidence at trial that a party failed to identify in violation of Rule 26(e)).

But Judge Rosenbluth didn't require Defendant to supplement its production to account for post-February 2013 sales. Plaintiff's Interrogatory No. 4, dated March 4, 2013, requested data on sales "from January 2006 *through the present*." (Kenneally Decl., Dkt. No. 268, ¶ 6 & Ex. 5 at 7–8 (emphasis added).) Plaintiff filed a Motion to Compel, but Plaintiff didn't argue that Defendant had failed to supply requested data past February 2013. (Motion to Compel, Dkt. No. 82.) Rather, Plaintiff complained that what Defendant produced in response to Interrogatory No. 4 was 25,000 pages that were "simply spreadsheet after spreadsheet of revenue and sales figures," and Judge Rosenbluth responded that Defendant was obligated to put those documents "into some kind of understandable summary." (Hearing Transcript, Dkt. No. 100, at 13–14.) Judge Rosenbluth's Order didn't require Defendant to produce additional data. Rather, Judge Rosenbluth's Order simply required Defendant to produce a summary of documents already produced, and Plaintiff doesn't argue that Defendant failed to produce that summary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

The Motion is **DENIED**.

> **2.3    Plaintiff's MIL No. 3, To Exclude Bob Watson from Testifying at Trial (Dkt. 251)**

Plaintiff argues that Defendant has identified a trial witness, "Bob Watson," a former employee of Time Warner, whom Defendant never identified in any of its Rule 26(a)(1) initial disclosures or in response to any other discovery. (Dkt. No. 251-1 2.) Rule 37(c)(1) prohibits a party from using a witness at trial who was not identified as required by Rule 26(a) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendant argues the failure is substantially justified and nonprejudicial, noting that Defendant listed Time Warner in its Rule 26(a)(1) disclosures, that Plaintiff declined to seek any discovery from Time Warner, and that Defendant has offered to make Watson available for deposition before trial. (Dkt. No. 293.)

Plaintiff has failed to show that the failure to identify Watson by name was neither substantially justified nor harmless. The Motion is **DENIED**.

> **2.4    Plaintiff's MIL No. 4, To Bar Defendant from Presenting Unidentified South Korean Witnesses (Byung-Ki Choi, Ki-Ok Kim, and Han Bok Song) (Dkt. No. 252)**

Plaintiff argues that Defendant did not disclose Byung-Ki Choi, Ki-Ok Kim, or Han-Bok Song as witnesses having potentially relevant knowledge in its Rule 26(a)(1) disclosures. (Dkt. 252-1 at 2.) Defendant seeks to use these witnesses only to authenticate business records, and does not even plan to call them if Plaintiff stipulates to authenticity. Under the circumstances here, and encouraging stipulation, the Court will permit Defendant to call these witnesses for the limited purpose of authentication.

The Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

**2.5 Plaintiff's MIL No. 5, To Exclude Defendant From Reading Jak You Testimony In Lieu Of Live Testimony (Dkt. No. 267)**

Plaintiff seeks an order barring Defendant from using Jack You's deposition testimony at trial while allowing Plaintiff to do so, on the ground that You's unavailability was procured by Defendant. (Dkt. No. 267-1 at 2.) Rule 32 provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). Plaintiff argues that even though You is an employee of Defendant, Defendant has procured You's unavailability by insisting that You is not its employee. (Dkt. No. 267-1 at 2, 8.)

The parties dispute whether You is an employee of Defendant. But even if You is an employee, Plaintiff has not shown how Defendant procured You's unavailability. "Under the case law interpreting Rule 32, the mere fact that the deponents are employed by the defendant and that there is an identity of interest between the deponents and their employer is not enough to trigger exclusion because procuring absence and doing nothing to facilitate presence are quite different things." *See Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988) (internal quotation marks omitted) (rejecting plaintiffs' argument that the defendant procured the absence of a witness where plaintiffs had "offered absolutely no evidence to support the allegation that [the defendant] 'actively took steps to keep the deponents from setting foot in the courtroom'").

The Motion is **DENIED**.

**2.6 Plaintiff's MIL No. 6, To Preclude Evidence or Argument Relating to Issues No Longer in the Case (Dkt. No. 253)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

Plaintiff seeks an order "precluding [Defendant] from referring to or offering any evidence regarding the parties' claims, defenses, and counterclaims regarding the '067, '426, and '367 patents, including any reference to the Court's prior rulings on the same." (Dkt. No. 253-2.) This motion is duplicative of Plaintiff's motion to dismiss and is overbroad. It is **DENIED**, without prejudice to Plaintiff raising specific objections at trial.

### 2.7 Plaintiff's MIL No. 7, To Preclude URC from Raising an Unclean Hands Defense (Dkt. No. 254)

Plaintiff seeks an order to preclude Defendant from raising an unclean hands defense. (Dkt. No. 254 at 2.) This is a belated motion for summary judgment, and even one to dismiss an affirmative defense. (Dkt. No. 254-2 at 4 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).) It is not proper to use motions in limine as a substitute for summary judgment. *Mixed Chicks*, 879 F. Supp. 2d at 195. The motion is **DENIED**.

### 2.8 Plaintiff's MIL No. 8, to Exclude Rule 408 Communication (Dkt. No. 255)

Plaintiff seeks an order, under Federal Rules of Evidence 401–403 and 408, preventing Defendant from introducing a July 2002 letter to prove that the '426 Patent is invalid for improper inventorship. (Dkt. No. 255-1 at 1.) Plaintiff sent the 2002 letter to Defendant to discuss settlement of a previous lawsuit, and the letter states that "an error was unintentionally made in the inventorship" of the '426 Patent. (Dkt. No. 287 Ex. A.)

Rule 408 prohibits admitting "statement made during compromise negotiations about the claim . . . to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). But Rule 408 does not prohibit the admission of this evidence for "another purpose." Fed. R. Evid. 408(b). Proving that a party had knowledge of particular conduct is one such permissible purpose. *See* Fed. R. Evid. 408 Advisory Committee Notes. ("Rule 408 is inapplicable when evidence of the compromise is offered to prove notice.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

Permitting Defendant to use the letter to show that Plaintiff knew of the error in inventorship, which is relevant to Defendant's patent misuse argument, does not implicate the text of or policy underlying Rule 408.

Plaintiff also argues that Rules 401–403 prohibit the introduction of the letter because the '426 Patent issues are no longer in this case. This argument depends on how the Court rules on Plaintiff's pending motion to dismiss. Plaintiff's Motion in Limine No. 8 is **DENIED**, but Plaintiff may renew this argument if the Court grants the motion to dismiss in its entirety.

### 2.9 Plaintiff's MIL No. 9, to Preclude Reference to URC's and/or Chang Park's Charities (Dkt. No. 255)

Plaintiff moves to bar Defendant from eliciting testimony about charitable donations by its CEO, Chang Park, or suggesting that Plaintiff's claim for patent infringement against URC has taken or will take money and time away from his charities, arguing that this testimony would be unfairly prejudicial under Rule 403. (Dkt. 257-1 2.) Defendant does not contest that this testimony is prejudicial under Rule 403, only conditionally opposing the motion if the Court refuses to grant Defendant's similar Motion in Limine No. 7. (Dkt. No. 288.)

The motion is **GRANTED**.

### 3. DEFENDANT'S MOTIONS IN LIMINE (DKT. NO. 280)

#### 3.1 Defendant's MIL No. 1, To Exclude Testimonial Evidence Other Than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

**the Testimony of its Technical Expert, Dr. Burke, To Prove Infringement of the '906 Patent**

In resolving discovery disputes, Magistrate Judge Rosenbluth already entered an order that:

> UEI will rely solely on expert testimony at trial in this action and will not call any other UEI employee or officer to testify concerning the URC accused products and UEI's positions on direct and indirect infringement. This order does not, however, bar UEI from (a) producing a witness to discuss the events and analysis in 2010 leading up to its discovery of the potential infringement by URC of the patents-in-suit as substantially set forth in prior deposition testimony and discovery responses or (b) relying on or presenting documents, testimony, or other information produced by the parties and third parties during discovery in this case.

(Dkt. No. 153 at 2.) That order stands. No further order is needed to address Defendant's request. The motion is **DENIED** as duplicative.

**3.2     Defendant's MIL No. 2, To Preclude Assertion of the '906 Patent Under 35 U.S.C. § 271(c) (Contributory Infringement)**

Defendant argues that (1) Plaintiff's expert did not provide opinions about contributory infringement under 35 U.S.C. § 271(c), (2) Plaintiff is limited to proving infringement though expert testimony, and (3) therefore, Plaintiff should be precluded from asserting infringement under § 271(c) at trial. (Dkt. No. 280 at 2-3.)

As the Court has just discussed, Judge Rosenbluth's order limits the evidence that Plaintiff may use to prove infringement, and that order stands. But in arguing that Plaintiff cannot prove a claim for contributory infringement based on permissible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

evidence, Defendant is belatedly seeking summary judgment. *See Mixed Chicks*, 879 F. Supp. 2d at 195. This motion is **DENIED**.

> **3.3** **Defendant's MIL No. 3, To Exclude Evidence Concerning the Proceedings Before and Decision by the U.S. Patent and Trademark Office Regarding URC's *Inter Partes* Review Petition Against the '906 Patent**

Defendant argues that introducing evidence of the PTO's rejection of Defendant's *inter partes* review petition would be irrelevant because the legal standards applicable to an *inter partes* review are different than those that apply here, and that it would increase the complexity of the trial and confuse the jury. (Dkt. No. 280 3-4.)

Any potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims. The motion is **DENIED**.

> **3.4** **Defendant's MIL No. 4, To Exclude Argument Regarding Damages Based on Lost Profits or Price Erosion Theories**

This motion is Defendant's third attack on Plaintiff's damages theories, following Defendant's motion for summary judgment and *Daubert* motions. Defendant now raises arguments based on the timeliness of Plaintiff's disclosure of its damages theories, arguing that they were made clear only in Plaintiff's expert's report, after fact discovery had closed. But these theories were timely disclosed in Plaintiff's expert's report and in disclosures earlier in discovery. Further, motions in limine are not substitutes for motions summary judgment or for discovery sanctions that should have been brought earlier. *See Mixed Chicks*, 879 F. Supp. 2d at 1095. The motion is **DENIED**.

> **3.5** **Defendant's MIL No. 5, To Exclude Direct or Indirect Appeals to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

**Prejudice Based on Racial or National Origin at Trial**

Defendant seeks an order prohibiting Plaintiff from, for example, referring to Defendant, its CEO Chang Park, other URC employees, or Ohsung as "Asian" or "Korean," or from making racist or xenophobic references. (Dkt No. 280 11-12.) Of course, racist or xenophobic references, explicit or implicit, will not be tolerated. But Defendant seeks an order prohibiting Plaintiff's witnesses or counsel from "remarking on the fact that a major supplier of the remote control devices sold by URC are manufactured in Mexico and/or Korea, or that the supplier's parent company is a Korean-based corporation." (Dkt. No. 280 at 12.) That request is overbroad, as it covers any incidental and potentially appropriate mention of facts. The motion is **DENIED**, but all counsel shall refrain from unnecessarily mentioning, dwelling on, remarking on, or encouraging inferences related to national origin or foreign incorporation, manufacturing, or ownership. To assure that there are no racist or xenophobic references, the Court will, if appropriate, admonish counsel in front of the jury for making such references.

    **3.6**    **Defendant's MIL No. 6, To Exclude References to "Knock-Offs," "Predatory," and the Use of Similarly-Pejorative and Emotionally-Charged Terms**

There is no probative value in the use of a term with negative connotations to describe Defendant's products or pricing strategy, and the use of the pejorative terms "knock-off," "pirated," or "predatory" are therefore unduly prejudicial under FRE 403. As to these terms, the motion is **GRANTED**. To the extent Defendant seeks to more broadly prohibit Plaintiff from making relevant arguments as to copying and pricing, the motion is **DENIED**.

    **3.7**    **Defendant's MIL No. 7, To Exclude Evidence or Argument Concerning Personal Income or Net Worth of Defendant's CEO Chang Park and Irrelevant Defendant Sales and Revenue Information**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

Defendant moves to exclude any evidence or argument concerning the net worth and personal income of Defendant's CEO, Chang Park, as well as any evidence of company-wide URC financial information that was not disclosed in discovery. (Dkt. No. 258 at 1.) Plaintiff argues that some of this evidence is probative of bias of the witness, and may be relevant to other issues that arise in trial. (Dkt. No. 290 at 19–21.) Though much of this evidence, particularly evidence concerning the net worth of Mr. Park, likely runs afoul of Rule 403, these determinations will be better made in the context of trial. The motion is **DENIED**, with Defendant free to object at trial. Again, the Court will, if appropriate, admonish counsel in front of the jury for inappropriate references.

> **3.8** **Defendant's MIL No. 8, To Exclude Evidence or Argument Concerning Reasons Why Plaintiff Changed the Inventorship of the '426 Patent or Why it Took So Much Time to Make the Change**

Defendant argues that during discovery, Plaintiff refused to answer questions as to why it failed to correct the inventorship of the '426 Patent in 2002 and instead waited over a decade to correct inventorship. (Dkt. No. 280 at 16.) Defendant requests that Plaintiff now be precluded from answering these questions, and that the Court grant the adverse inference recognized on summary judgment that Plaintiff was unable to add Darbee as an inventor. (*Id.*) Defendant cites a number of questions on this subject that Plaintiff's witness refused to answer on the grounds of attorney-client privilege. (*Id.* at 17–18.) Certainly, Plaintiff cannot now provide answers to those questions. But the cited questions asked about the connection between the inventorship correction and litigation, and did not ask about the correction of inventorship alone. Further, as Plaintiff points out, the witness did answer some questions about the decision to correct inventorship. (*See* Dkt. No. 290-1 at 291–95.) Defendant's request is therefore overly broad.

Defendant can ask the jury to draw the adverse inference it seeks from the Court. That inference could have a broader meaning and wider implications than the Court's observation made in the summary judgment context. The motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00329 AG (JPRx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | UNIVERSAL ELECTRONICS, INC. v. UNIVERSAL REMOTE CONTROL, INC. | | |

**3.9 Defendant's MIL No. 9, To Exclude Evidence of Patents and Applications Not At Issue In This Case, or Comparisons Between Plaintiff's Patent Portfolio and Defendant's Patent Portfolio**

Defendant seeks exclusion of evidence of non-asserted patents or applications, including Plaintiff's research and development expenditures for inventions not at issue in this case. (Dkt. No. 280 at 20.) Whether this evidence is admissible under Rule 403 will better be determined in the context of trial. The Motion is **DENIED**.

**DISPOSITION**

These rulings shall govern trial.

|  | : | 0 |
|---|---|---|
| **Initials of Preparer** | | **lmb** |